UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PEARLINA THOMAS | CIVIL ACTION |
| VERSUS | NO. 24-768 |
| SUSAN HUTSON | SECTION "O" |

## ORDER AND REASONS

Before the Court is the motion[1] of Defendant Orleans Parish Sheriff Susan Hutson to dismiss the 41 U.S.C. § 4712 whistleblower-reprisal claim of Plaintiff Pearlina Thomas for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Sheriff Hutson contends that the Court lacks subject-matter jurisdiction because Section 4712 requires a whistleblower-reprisal plaintiff like Thomas to exhaust administrative remedies before filing suit, and Thomas does not *allege* that she exhausted administrative remedies.[2] Thomas rejoins that her Section 4712 whistleblower-reprisal claim does not require exhaustion.[3] But Thomas does not deny that she, in fact, failed to exhaust administrative remedies under Section 4712.[4]

Binding precedent dictates that Thomas had to exhaust administrative remedies before suing under Section 4712. *See Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 580 (5th Cir. 2020) ("Section 4712 requires a complainant . . . to exhaust administrative remedies before filing suit." (citing 41 U.S.C. § 4712(b), (c)(1))). So Thomas's principal counterargument—that she was not required to exhaust—fails.

---

[1] ECF No. 11.
[2] ECF No. 11-1 at 1.
[3] ECF No. 12 at 4–6.
[4] *Id.*

But there is a complication.[5] Sheriff Hutson raises a "facial" attack on the Court's jurisdiction: She contends that Thomas's *allegations* fail to establish administrative exhaustion.[6] *Cf. Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (distinguishing "facial" from "factual" attacks). But administrative exhaustion is typically treated as an affirmative defense—not as a pleading requirement for plaintiffs. *See, e.g.*, *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (per curiam) (Prison Litigation Reform Act); *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2019) (Title VII), *aff'd* 587 U.S. 541. As a result, a district court risks reversible error in dismissing a complaint under Rule 12 on exhaustion grounds just because the plaintiff has not specifically alleged exhaustion; the failure to exhaust must be "clear from the face of the complaint" to support Rule 12 dismissal. *See, e.g.*, *Coleman*, 745 F.3d at 763. Here, Sheriff Hutson has not specifically argued that it is "clear from the face of the complaint" that Thomas failed to exhaust administrative remedies.[7] *Id.* Sheriff Hutson instead faults Thomas for failing to *affirmatively allege* exhaustion.

---

[5] The parties have not briefed—and so the Court does not decide—if Section 4712's exhaustion requirement is a "jurisdictional prescription[ ]" or a mandatory but non-jurisdictional "claim-processing rule." *United States v. Naranjo*, 102 F.4th 280, 285–86 (5th Cir. 2024) (quotation omitted).

[6] None of the cases Sheriff Hutson cites enters a Rule 12 dismissal for failure to exhaust under Section 4712 based on the allegations of a complaint alone. *See, e.g.*, *Wright v. Common Ground Health Clinic*, No. 16-CV-11623, 2016 WL 4720011, at *2 (E.D. La. Sept. 9, 2016) (Africk, J.) (considering "the petition supplemented by undisputed facts"); *Jarmon v. Little Rock Hous. Auth.*, No. 4:21-CV-1237, 2023 WL 5401929, at *1–3 (E.D. Ark. Aug. 22, 2023) (motion for summary judgment); *Iovino v. Michael Stapleton Assocs., Ltd.*, 600 F. Supp. 3d 610, 620–22 (W.D. Va. 2022) (considering agency filings plus the allegations of a complaint); *Moore v. Univ. of Kan.*, 118 F. Supp. 3d 1242, 1254 (D. Kan. 2015) (allowing plaintiff who was "working to satisfy the exhaustion requirement" to provide "curative allegations" or "a report as to the status of the administrative proceedings").

[7] Some district courts have concluded that an exhaustion affirmative defense is not "clear from the face of the complaint" if the complaint makes no mention of exhaustion. *See, e.g.*, *Taylor v. Lear Corp.*, 3:16-CV-3341, 2017 WL 6209031, at *3 (N.D. Tex. Dec. 8, 2017) (reasoning that, because the complaint did not mention facts relevant to exhaustion, the court "cannot conclude that [the plaintiff] has pleaded herself out of court based on a failure to exhaust" (citation omitted)).

And Thomas, for her part, does not admit she failed to exhaust—although Thomas's brief does not dispute that point and so at least implies that she has not exhausted.

Considering that complication,

**IT IS ORDERED** that Sheriff Hutson's motion to dismiss is **DENIED** without prejudice; however, Sheriff Hutson's obligation to respond to Thomas's complaint is **STAYED** pending the Court's resolution of the exhaustion issue.

**IT IS FURTHER ORDERED** that, by no later than **Friday, April 4, 2025**, Thomas must file a notice that complies with these requirements:

1. The notice must state whether Thomas contends that she exhausted administrative remedies under Section 4712. If Thomas (a) fails to timely file a notice that meets the requirements of this order or (b) files a notice stating that Thomas does *not* contend that she exhausted administrative remedies under Section 4712, the Court will dismiss this case in its entirety without prejudice and without further notice.[8]

2. If Thomas timely files a notice contending that she exhausted administrative remedies under Section 4712, the notice must also (a) explain in detail, with citation to authorities, how Thomas contends that she exhausted administrative remedies under Section 4712; and (b) provide evidentiary support for the factual assertions that Thomas contends establish exhaustion. If the Court timely receives such a notice, the Court will grant Sheriff Hutson an opportunity to respond before resolving the exhaustion issue on the briefing and evidence presented.[9]

New Orleans, Louisiana, this 24th day of March, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[8] Consistent with the "general rule," *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009), the Court would exercise its discretion under 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction over Thomas's claim under the Louisiana Whistleblower Statute.

[9] *Cf. Dillon v. Rogers*, 596 F.3d 260, 272–73 (5th Cir. 2010) (summarizing how district courts should approach exhaustion under another federal statute and approving the practice of resolving exhaustion disputes before allowing the case to proceed to the merits).